IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS BOYD,

                Petitioner,                              ORDER

    v.                                                       17-cv-511-wmc

GARY BOUGHTON, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Presently confined at the Wisconsin Secure Program Facility, Demetrius Boyd has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his October 2015 judgment of conviction in Dodge County Circuit Court for one count of battery by a prisoner and one count of disorderly conduct. (Dkt. #1.) Those charges arose out of a November 27, 2012, cell-front incident between Boyd and security staff at the Waupun Correctional Institution in which one of the guards was injured. After maintaining a plea of not guilty, Boyd was convicted at trial. He then filed a postconviction motion, which was denied, and the Wisconsin Court of Appeals affirmed his conviction on appeal. *State v. Boyd*, 2017 WI App 7, 373 Wis. 2d 309, 895 N.W. 2d 103, 2016 WL 7322801 (unpublished disposition). Finally, the Wisconsin Supreme Court denied his petition for review on April 10, 2017.

Boyd's petition before this court is subject to preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Consistent with this standard of review, petitioner must present cognizable, plausible constitutional or federal law claims, have exhausted available state remedies, and filed the petition timely. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Because the petition here does not meet this standard, it will be denied. Specifically, petitioner Boyd challenges his conviction on the following grounds: (1) his trial lawyer was ineffective for failing to call Lieutenant Schneider to testify that he did not specifically state in his incident report that petitioner's actions caused the victim's injuries; (2) his trial lawyer was ineffective for failing during cross-examination to elicit that same testimony from Correctional Officer Kaphingst; (3) his trial lawyer was ineffective for failing to adequately investigate whether a video recording of the incident existed; and (4) his post-conviction lawyer was ineffective for failing to pursue claims (1) and (2) above at the post-conviction hearing.

Petitioner's first hurdle to proceeding is his failure to exhaust all of his claims through state court before seeking federal relief. *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to those courts in order to give the state an "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"

*Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982).

A review of the state court of appeals' decision indicates that petitioner did present his third claim -- his trial lawyer's failure to investigate whether a video recording of the incident existed -- to the state court of appeals. Moreover, that court addressed the claim on the merits, concluding that petitioner could not show deficient performance under *Strickland v. Washington*, 466 U.S. 668, 694 (1984) because "no video recording of this incident ever existed." *Boyd*, 2016 WL 7322801, ¶28. Once the Wisconsin Supreme Court denied further review of that decision, this claim was exhausted. However, it appears that petitioner has not presented any of his remaining claims to the state court.

When a petitioner presents a mix of exhausted and unexhausted claims in his petition, federal courts will sometimes stay the proceeding in order to give the petitioner an opportunity to exhaust his claims in state court. *See Rose v. Lundy*, 455 U.S. 509 (1982). To do so in this case, however, would be pointless since petitioner's unexhausted claims plainly have no merit. *See* 28 U.S.C. § 2254(b)(2) (application for writ of habeas corpus may be denied on merits even when claims not exhausted). As to Claims (1) and (2) above, petitioner would fault his trial lawyer for failing to elicit testimony that purportedly would have shown he did not cause the victim's injuries. This decision by his

3

counsel was on its face no failure at all. As an initial matter, this so-called "evidence" consisted of nothing more than the fact that two of the security officers who witnessed the event did not say in their incident reports that petitioner's actions caused the victim's injuries, a fact counsel could make without either officer testifying. Moreover, contrary to petitioner's belief, doing so would have proved nothing, because as he acknowledges in his petition, both officers affirmatively stated in their reports that Boyd "violently" pulled his right arm from the alleged victim's escort hold and into his cell, which is actually *consistent* with the victim's trial testimony that Boyd "violently yank[ed]" his right hand back through the trap on his cell door while the victim was restraining Boyd's hand. *Boyd*, 2017 WI App 7, ¶9. Perhaps most importantly, had counsel risked questioning the officers on their failure to state expressly in their incident reports that Boyd caused the victim's injuries, he would have risked opening the door to the prosecutor asking each of them whether they thought Boyd's actions *did* cause the injuries, in which case there was every possibility their answers would have been "yes."

Because it is plain his trial lawyer's questions of these witnesses about any deficiencies in their reports could *only* have hurt his case, petitioner's ineffective assistance claim is without merit. *Strickland v. Washington*, 466 U.S. 668 (1984) (defendant seeking to establish ineffective assistance of counsel must show both deficient performance by lawyer and resulting prejudice to defendant's right to fair trial). As for his last claim (4), it also follows that his post-conviction lawyer was not ineffective for failing to pursue claims (1) and (2) on appeal.

Returning to the one claim (3) that petitioner *did* exhaust in the state courts, it, too, has no merit. Indeed, ruling on this claim on direct appeal, the Wisconsin Court of Appeals cogently explained why it agreed with the circuit court's conclusion that trial counsel's performance was not deficient:

> The fundamental fact made apparent both at trial and the postconviction hearing is that no video recording of this incident ever existed. Counsel filed an appropriate discovery request and was informed that there was no video recording. Detective Stiesma testified, under oath at trial, that the DVR was not functioning so no video recording was available. The evidence adduced at the postconviction hearing only reinforces Stiesma's trial testimony that the recording system had malfunctioned so that no video recording existed. The lack of written records about camera malfunctions does not alter the fact that no video recording existed. A motion to compel would have been futile since there was nothing for the State to disclose. Boyd does not challenge the trial court's finding that there was no evidence that the video recording was destroyed. Counsel acted reasonably and his performance was not deficient.

*Boyd*, 2017 WI App 7, ¶ 28.

Finally, pursuant to 28 U.S.C. § 2254(e)(1), the state courts' factual finding that "no video recording of this incident ever existed" is presumed to be correct unless the petitioner rebuts the presumption with "clear and convincing evidence." Here, petitioner neither presents nor alludes to any such evidence in his petition; he merely states his disagreement with the state court's factual determination. Absent any evidence, much less evidence that is clear and convincing, this court cannot disturb the state courts' factual finding that no video recording of the incident ever existed, nor the state courts' resulting

finding that a motion to compel filed by petitioner's lawyer would have been futile.

Because it is plain that petitioner's exhausted and unexhausted ineffective-assistance-of-counsel claims are without merit, Boyd's petition for a writ of habeas corpus must be dismissed with prejudice. Further, because Boyd has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability will issue under 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS ORDERED that the petition of Demetrius Boyd for a writ of habeas corpus under 28 U.S.C. § 2254 (dkt. #1) is DISMISSED WITH PREJUDICE. No certificate of appealability shall issue.

Entered this 27th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge